FILED

2024 May-15  AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDSON H. CLARK, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-01246-NAD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

For the reasons stated below, and on the record in the April 9, 2024 motion hearing, the court **DENIES** the "Motion To Dismiss Or, In The Alternative, For Summary Judgment" filed by the Defendant United States of America.  Doc. 15; *see* Docs. 17, 20 (briefing on motion); Doc. 16 (briefing schedule); minute entry, entered: 04/09/2024.

In addition, the court terminates as moot the "Motion To Continue Or Deny Without Prejudice Defendant's Motion To Dismiss" filed by Plaintiffs Judson H. Clark and Mattie L. Clark (Doc. 18), and denies without prejudice the Clarks' "Motion To Strike" (Doc. 19).

## BACKGROUND

On September 20, 2023, the Clarks filed a complaint against the United States, alleging a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et

seq.  Doc. 1.  The Clarks alleged an FTCA claim based on an incident at a medical facility in Birmingham, Alabama, that is owned and operated by the United States through the U.S. Department of Veterans Affairs and the Veterans Health Administration (the VA).  Doc. 1 at 1–4.

In the complaint, the Clarks allege that, on or about December 22, 2020, Mr. Clark had a dental appointment at the VA and was waiting for a shuttle bus at the VA parking deck.  Doc. 1 at 4.  The Clarks allege that Mr. Clark had a verbal altercation with a shuttle bus driver, Alton Truelove, and that Truelove "placed both of his hands on Mr. Clark's chest, which caused Mr. Clark to be pushed backwards." Doc. 1 at 6.  The Clarks allege that Mr. Clark then "lost his balance and fell backward," sustaining injuries.  Doc. 1 at 6.  The Clarks allege that Truelove's conduct was "negligent and wanton."  Doc. 1 at 6–8.

On November 24, 2023, the United States filed its answer.  Doc. 6.  The parties consented to magistrate judge jurisdiction.  Doc. 11; *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

On January 11, 2024, the United States filed this motion to dismiss or, in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56.  Doc. 15.  In its motion, the United States asserts that this court lacks subject matter jurisdiction over the Clarks' FTCA claim.  According to the United States, Truelove intentionally assaulted Mr. Clark, and consequently the

intentional tort exception to the FTCA's waiver of sovereign immunity bars the Clarks' FTCA claim.  Doc. 15; *see* 28 U.S.C. § 2680(h).

In support of its motion, the United States submitted a Standard Form 95 and cover letter that Mr. Clark signed and submitted to the VA in connection with his administrative claim under the FTCA.  Doc. 15 at 11–14.  The narrative section of the SF-95, which describes the basis of Mr. Clark's claim, includes a statement that "Mr. Alton Truelove lunged at Mr. Clark and physically assaulted him by placing both of his hands on [Clark's] chest and violently shoving him backward."  Doc. 15 at 14.  The SF-95 also includes statements that Mr. Clark "was physically assaulted by a VA shuttle bus driver (Alton Trueleove)," that "Mr. Truelove shoved Mr. Clark down," and that Mr. Clark was injured "[a]s a proximate result of Mr. Truelove's negligent and wanton actions."  Doc. 15 at 12, 14.

The Clarks filed a response to the United States' motion, and attached a VA form voluntary witness statement from another VA employee, Roderic Person, that was dated December 22, 2020.  Doc. 17; Doc. 17-1.  In their response, the Clarks argue that there is a fact issue about whether Truelove committed an intentional tort or negligently harmed Mr. Clark.  Doc. 17 at 5–7.  Person states in his witness statement that, after the verbal altercation, Truelove "proceeded to remove [Clark] back to a safer distance by pushing him and [Clark] fell to the ground in the process. This was an unfortunate incident."  Doc. 17-1 at 2.

The Clarks also filed a motion to continue or deny without prejudice pursuant to Rule 56(d), arguing that they should be allowed to conduct further discovery. Doc. 18.  Separately, the Clarks filed a motion to strike the SF-95, arguing as an evidentiary matter that the SF-95 is inadmissible.  Doc. 19.

## LEGAL STANDARD

### A.    Motion to dismiss for lack of federal subject matter jurisdiction and intertwinement

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to Rule 12(b)(1), a party can move to dismiss for lack of subject matter jurisdiction.  *Id.*  A court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

"It is a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction."  *Murphy v. Secretary, U.S. Dep't of Army*, 769 F. App'x 779, 781 (11th Cir. 2019) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000)); *see also Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists.").

"Attacks on subject matter jurisdiction, [under] Rule 12(b)(1), come in two forms:  facial or factual attack."  *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021).   "A 'facial attack' challenges whether a plaintiff 'has

sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

A factual attack goes beyond the face of the pleadings and a court may consider extrinsic evidence. *Kennedy*, 998 F.3d at 1230. When assessing a factual attack, a court "needn't accept the plaintiff's facts as true; rather, 'the district court is free to independently weigh facts' and make the necessary findings." *Gardner v. Mutz*, 962 F.3d 1329, 1340 (11th Cir. 2020) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

But, "even in the context of a factual attack, an exception applies, thereby requiring the district court to accept the plaintiff's allegations as true, where a factual question underlying a challenge to the court's statutory jurisdiction also 'implicate[s] the merits of the underlying claim.'" *Gardner*, 962 F.3d at 1340 (quoting *Morrison v. Amway*, 323 F.3d at 925). Such "intertwinement occurs . . . when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (cleaned up).

Where a "jurisdictional challenge does implicate the merits of the underlying claim then: The proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway*, 323 F.3d at 925 (cleaned up).

5

Importantly, with respect to an FTCA claim, the Eleventh Circuit has held that, "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Lawrence*, 919 F.2d at 1530.

According to the Eleventh Circuit, "federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence*, 919 F.2d 1531.

## B.    Summary judgment standard

Summary judgment under Rule 56 is appropriate when the movant establishes that "there is no genuine dispute as to any material fact" and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute about a material fact is "genuine," if "the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Id.* The court must construe all evidence and draw all reasonable inferences in favor of the nonmovant. *Centurion Air Cargo, Inc. v. UPS Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

**C.    FTCA, sovereign immunity, and the intentional tort exception**

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015).  "Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims." *Id.*

In this regard, "the FTCA is a specific, congressional exception to the general rule of sovereign immunity that allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1236 (11th Cir. 2002) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)) (cleaned up).

Because the FTCA is a waiver of sovereign immunity, "courts must be careful to observe scrupulously the circumstances and conditions of this waiver." *Barnett*, 283 F.3d at 1236.

Pursuant to a statutory intentional tort exception, the FTCA's waiver of immunity does not apply to "[a]ny claim arising out of assault, battery," or any one of several other enumerated intentional torts.  28 U.S.C. § 2680(h); *see also Zelaya*, 781 F.3d at 1322 (stating that § 2680(h) "serve[s] to block the waiver of sovereign immunity that would otherwise occur under the FTCA").  "A claim will be deemed

7

to have arisen from a § 2680 excepted tort if the governmental conduct that is essential to the plaintiff's cause of action is encompassed by that tort." *Alvarez v. United States*, 862 F.3d 1297, 1304 (11th Cir. 2017) (quoting *Zelaya*, 781 F.3d at 1333).

Like the FTCA's sovereign immunity waiver, the intentional tort exception "must be strictly construed in favor of the United States"; and, "when an exception applies to neutralize what would otherwise be a waiver of immunity, a court will lack subject matter jurisdiction over the action." *Zelaya*, 781 F.3d at 1322 (internal quotation marks omitted).

## DISCUSSION

Based on the controlling Eleventh Circuit law, and in light of the record evidence at this time, the court must deny the United States' motion. Because the United States' jurisdictional challenge is intertwined with the merits of the Clarks' claim, the court must apply the Rule 56 summary judgment standard. *See, e.g.*, *Gardner*, 962 F.3d at 1340; *Morrison v. Amway*, 323 F.3d at 925; *Lawrence*, 919 F.2d at 1530. And, on the summary judgment standard, there are fact issues for the factfinder.

As a preliminary matter, there is no issue as to any facial attack on subject matter jurisdiction. The United States makes only a factual attack. Moreover, generally speaking, the United States is correct both that it is a plaintiff's burden to

establish federal subject matter jurisdiction, and that the FTCA's sovereign immunity waiver is strictly construed in the United States' favor. *See supra* Legal Standard.

But, in a case like this one, the Eleventh Circuit has sharpened those general rules into a specific rule that, where a "jurisdictional challenge does implicate the merits of the underlying claim," the "district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway*, 323 F.3d at 925 (cleaned up).

Here, the record evidence demonstrates that the United States' jurisdictional challenge implicates the merits of the Clarks' FTCA claim. In short, the United States asserts (and has identified evidence) that Truelove's conduct was intentional, a finding of which would bar the Clarks' claim under the statutory intentional tort exception. *See* 28 U.S.C. § 2680(h). On the other hand, the Clarks allege (and have identified evidence) that Truelove's conduct was negligent, which they would have to prove in order to prevail on their FTCA claim.

In particular, the United States asserts that the Clarks' claim arises out of an intentional tort—i.e., Truelove's alleged assault of Mr. Clark. *See, e.g.*, 28 U.S.C. § 2680(h); *Alvarez*, 862 F.3d at 1304. To sustain a claim for assault under Alabama law, a plaintiff "must prove (1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in

a harmful or offensive manner." *Dolgencorp, LLC v. Spence*, 224 So. 3d 173, 180 (Ala. 2016) (quotation marks omitted).

The United States points to the statements in Mr. Clark's SF-95 that Clark was "physically assaulted" by Truelove, when Truelove "plac[ed] both of his hands on [Clark's] chest and violently shov[ed] him backward." Doc. 15 at 3, 6–7, 11–14. As noted above, the SF-95 states further that Clark "was physically assaulted by [Truelove]," and that "Mr. Truelove shoved Mr. Clark down." Doc. 15 at 12.

But (again), the question whether Truelove's alleged conduct arises out of an intentional assault is intertwined with the question whether the Clarks can prove that Truelove's conduct was negligent, as they must in order to prevail on their FTCA claim. *See, e.g.*, *Zelaya*, 781 F.3d at 1323 (an FTCA claim requires an analogous state law claim in the state where the alleged tort occurred).[1]

The Clarks allege that Truelove "placed both of his hands on Mr. Clark's chest, which caused Mr. Clark to be pushed backwards" (Doc. 1 at 6), and that Truelove's conduct was "negligent and wanton" (Doc. 1 at 6–8). The SF-95 also characterizes Truelove's conduct as "negligent and wanton actions." Doc. 15 at 14.

Furthermore, Person's voluntary witness statement says that Truelove

---

[1] Under Alabama law, "[t]o prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, that the plaintiff suffered a loss or injury, that the defendant's breach was an actual cause of the injury, and that the defendant's breach was a proximate cause of the injury." *Haddan v. Norfolk S. Ry. Co.*, 367 So. 3d 1067, 1072 (Ala. 2022).

"proceeded to remove [Clark] back to a safer distance by pushing him and [Clark] fell to the ground in the process." Doc. 17-1 at 2. Person's statement also says that "[t]his was an unfortunate incident." Doc. 17-1 at 2.

In this case (and in the words of the Eleventh Circuit), "[t]he pertinent inquiry into Truelove's conduct "will resolve both the question of subject matter jurisdiction and a necessary element of the [Clarks'] tort claim." *Lawrence*, 919 F.2d at 1529. Consequently, the jurisdictional issue and the merits of the claim are intertwined, and the court must "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway*, 323 F.3d at 925.

As a result, the court must apply the Rule 56 summary judgment standard on the United States' motion. *Lawrence*, 919 F.2d at 1530 (FTCA case) ("When the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction.").

Applying the summary judgment standard, and based on the current record evidence, there is a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 323; *Lawrence*, 919 F.2d 1531. Construing all evidence and drawing all reasonable inferences in the Clarks' favor, as the court must (*see Centurion Air Cargo*, 420 F.3d at 1149), a reasonable factfinder could find that Truelove's conduct was negligent, not intentional, and did not arise out of assault

under Alabama law. Notwithstanding the evidence that the United States has identified which tends to show that Truelove intentionally touched Clark in a harmful or offensive manner, a factfinder reasonably could infer—based on Person's witness statement—that Truelove's conduct was negligent, not intentional. *See supra*.

As such, there is a genuine dispute of material fact about whether Truelove intentionally touched Clark in a harmful or offensive manner (i.e., whether his conduct that is essential to the Clarks' claim is encompassed by assault under Alabama law), or whether Truelove just removed Clark to a safer distance—but did so negligently, by pushing Clark, and with unfortunate results. *See, e.g.*, *Alvarez*, 862 F.3d at 1304; *Dolgencorp*, 224 So. 3d at 180 (elements of claim for assault under Alabama law); Doc. 17-1 at 2.

In sum, based on the current, limited record, the factfinder reasonably could infer that Truelove's conduct was negligent (not intentional); so, "the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party" (*Anderson*, 477 U.S. at 248). To be sure, a reasonable factfinder also could conclude that Truelove's conduct was intentional. *See* 28 U.S.C. § 2680(h). And fact discovery is ongoing. *See* Doc. 13 (scheduling order).

## CONCLUSION

For the reasons stated above, the United States' motion to dismiss or, in the

alternative, for summary judgment is **DENIED WITHOUT PREJUDICE**.

In addition, the Clarks' motion to continue or deny without prejudice (Doc. 18) is **TERMINATED** as moot, and the Clarks' motion to strike (Doc. 19) is **DENIED WITHOUT PREJUDICE**.

The parties are reminded of the current case schedule and deadlines. *See* Doc. 13 (scheduling order).

**DONE** and **ORDERED** this May 15, 2024.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE